IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AMANDA RAE MACHIN, | § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. 4:22-CV-00729-SDJ-AGD |
| CHOCTAW CASINO, | | |
| Defendant. | | |

**REPORT AND RECOMMENDATION**
<u>**OF UNITED STATES MAGISTRATE JUDGE**</u>

Pending before the court is Defendant Choctaw Casino's[1] Limited Entry of Appearance and Motion to Dismiss and Brief in Support ("Motion to Dismiss") (Dkt. #23). After reviewing the Motion to Dismiss, Plaintiff Amanda Rae Machin's Response (Dkt. #26), and all other relevant filings, the court recommends the Motion to Dismiss be **GRANTED**, and further recommends Plaintiff's claims against Defendant be **DISMISSED WITHOUT PREJUDICE**.

**BACKGROUND**

*Factual Background*

According to Plaintiff's Amended Complaint, on an unknown date, Plaintiff was at a facility owned by Defendant for employment onboarding (Dkt. #17 at 6). Plaintiff alleges that she requested to use the restroom three times in four hours and that no employee would allow Plaintiff to use the restroom (Dkt. #17 at 6). Plaintiff further alleges that when she was finally permitted to use the restroom, she was physically removed from the restroom stall by three Human Resources employees: Jennifer Faulk, Savana Herdon, and a third unnamed woman (Dkt. #17 at 7). Faulk allegedly pulled Plaintiff's wrist and directed her to sit in a chair and answer questions on a

---

[1] While Plaintiff names "Choctaw Casino," Defendant alleges that there is no entity with such name and moves, in part, to dismiss Plaintiff's claims on those grounds (Dkt. #23 at 5–7).

computer (Dkt. #17 at 6–7). Plaintiff alleges that she requested to speak to a supervisor twice, but that Plaintiff was not permitted to do so (Dkt. #17 at 7). Next, Plaintiff alleges that she returned to Defendant's facility the following day to speak to the Chief of the Choctaw Nation of Oklahoma; the Chief was unavailable, so Plaintiff spoke to the "right hand of the Chief" (Dkt. #17 at 7). Plaintiff alleges that the "right hand of the Chief" called a different Choctaw Human Resources department, but Plaintiff informed Human Resources that she was no longer interested in the position (Dkt. #17 at 7).

As a result of this incident, Plaintiff alleges that she experienced physical injuries and incontinence such that Defendant violated Plaintiff's rights under 42 U.S.C. § 1983, the Americans with Disabilities Act of 1990, and the Genetic Information Nondiscrimination Act of 2008 (Dkt. #17 at 5, 8). Specifically, Plaintiff alleges that a few days after the incident, Plaintiff began to lose function in her right leg (Dkt. #17 at 7). After staying at the hospital for five days, Plaintiff regained use of her leg, but was told that she lost use of her leg because her "spinal cord was caught in vertebrae, and it is tightening and twisting" (Dkt. #17 at 7–8).

*Procedural History*

On August 24, 2022, Plaintiff initiated this lawsuit by filing a Complaint in the Eastern District of Texas, Sherman Division (Dkt. #1). The same day, Plaintiff also moved to proceed *in forma pauperis* (Dkt. #3). On October 26, 2022, the court ordered Plaintiff to amend her Complaint (Dkt. #6). After two court communications were returned as unclaimed, the court ordered Plaintiff to update her mailing address (Dkt. #9). Plaintiff failed to update her mailing address, and on January 9, 2023, the court recommended the dismissal of her case pursuant to Federal Rule of Civil Procedure 41 (Dkt. #11). On January 18, 2023, Plaintiff filed her updated address with the court (Dkt. #13), and on February 14, 2023, Plaintiff filed an Amended Complaint (Dkt. #17).

Accordingly, the court withdrew its dismissal recommendation (Dkt. #15). On March 13, 2023, the court granted Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. #19). On March 28, 2023, summons was issued as to Defendant (Dkt. #21), and on May 5, 2023, summons was returned as executed, indicating that service had been completed (Dkt. #22).

*Defendant's Motion to Dismiss*

On May 25, 2023, Defendant filed its Limited Entry of Appearance and Motion to Dismiss and Brief in Support (Dkt. #23). Defendant argues that the entity Plaintiff named in this lawsuit, "Choctaw Casino" does not exist; instead, Defendant alleges that the correct party is the Choctaw Nation of Oklahoma (Dkt. #23 at 5–7). Defendant further alleges that Plaintiff failed to properly serve Defendant (Dkt. #23 at 7–8) or state a claim for relief (Dkt. #23 at 10–15). Next, Defendant argues that granting Plaintiff leave to amend her Complaint a second time would not resolve the court's lack of subject matter jurisdiction because Defendant, as a federal tribal government, is entitled to sovereign immunity (Dkt. #23 at 8–13). Finally, Defendant argues that venue is improper in the Eastern District of Texas (Dkt. #23 at 5).

## LEGAL STANDARD

"Subject matter jurisdiction is essential for the federal judiciary to hear a case." *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020). Indeed, federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Under the federal rules, the court must dismiss the case if there is no subject matter jurisdiction. FED. R. CIV. P. 12(h)(3). Broadly, a federal court has subject matter jurisdiction over cases arising under federal law. U.S. CONST. art. III, § 2, cl. 1; 28 U.S.C. § 1331. Even so, a federal court lacks federal question jurisdiction when sovereign immunity bars all claims arising under

federal law. *See Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 789 (2014) ("[W]e have time and again treated the doctrine of tribal immunity [as] settled law and dismissed any suit against a tribe absent congressional authorization (or a waiver).") (citations and internal quotation marks omitted). And, as relevant here, Native American tribes "are domestic dependent nations that exercise inherent sovereign authority." *Id.* at 788 (citations and internal quotation marks omitted). Tribal sovereign immunity is jurisdictional in nature. *Spivey v. Chitimacha Tribe of LA*, 79 F.4th 444, 446 (5th Cir. 2023). Congress may abrogate tribal sovereign immunity only by unequivocal expression. *Bay Mills Indian Cmty.*, 572 U.S. at 790; s*ee Spivey*, 79 F.4th at 446–47 ("[A]bsent a waiver or congressional authorization—federal courts lack subject matter jurisdiction over a suit against (1) a tribe, (2) an arm or instrumentality of the tribe, or (3) tribal employees acting in their official capacities.").

A federal court also has subject matter jurisdiction over cases where the parties are completely diverse and where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. For complete diversity to exist, every plaintiff must be a citizen of a different state than each defendant. *The Lamar Co.*, *L.L.C.*, 976 F.3d at 530. For purposes of diversity jurisdiction, courts do not consider Native American tribes as citizens of any state. *See Mitchell v. Bailey*, 982 F.3d 937, 942 (5th Cir. 2020) (listing cases).

Finally, in general, when a defendant presents multiple challenges to a complaint, the court must first address the motion to dismiss for lack of subject matter jurisdiction because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (citations omitted).

# ANALYSIS

In this case, the court lacks subject matter jurisdiction because Plaintiff does not allege a viable claim arising under federal law and because diversity jurisdiction is not available for suits involving sovereign tribal nations. Additionally, because the court lacks subject matter jurisdiction, the court does not reach the issues of whether Plaintiff named the proper party, whether Plaintiff properly served Defendant, whether Plaintiff stated a claim for relief under Federal Rule of Civil Procedure 12(b)(6), or whether venue is proper in this District (Dkt. #23 at 5–15). Accordingly, the court recommends that Plaintiff's claims against Defendant be dismissed without prejudice.

***Plaintiff does not allege a viable claim arising under federal law.***

In her Amended Complaint, Plaintiff alleges violations of the Americans with Disabilities Act of 1990, the Genetic Information Nondiscrimination Act of 2008, and 42 U.S.C. § 1983 (Dkt. #17 at 5, 8).

Plaintiff's Americans with Disabilities Act ("ADA") claim fails because the ADA does not waive sovereign immunity for Native American tribes. Title I of the ADA defines "covered entity" as "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). The term "employer," however, does not include "the United States, a corporation wholly owned by the government of the United States, or an Indian Tribe[.]" 42 U.S.C. § 12111(5)(B)(i). Additionally, the ADA expressly waives sovereign immunity for the states in Section 12202, which demonstrates "Congress's full understanding of the need to express unambiguously its intent to abrogate sovereign immunity where it wishes its legislation to have that effect." 42 U.S.C. § 12202; *Florida Paraplegic, Ass 'n, Inc. v. Miccosukee Tribe of Indians of Florida,* 166 F.3d 1126, 1133 (11th Cir. 1999). Moreover, multiple courts have concluded that the

ADA does not provide a waiver of tribal sovereign immunity. *See, e.g., Florida Paraplegic, Ass'n, Inc.*, 166 F.3d at 1132 ("[T]he absence of any reference to Indian tribes in the former statute stands out as a stark omission of any attempt by Congress to declare tribes subject to private suit for violating the ADA's public accommodation requirements."); *Drake v. Salt River Pima-Maricopa Indian Cmty.,* 411 F. Supp. 3d 513, 520 (D. Ariz. 2019) (holding "that Congress did not clearly waive the tribal immunity, but did so with respect to the states' sovereign immunity, demonstrates that the Community's immunity should remain intact"); *Cano v. Cocopah Casino,* CV-06-2120-PHX-JAT, 2007 WL 2164555, at *2 (D. Ariz. July 25, 2007) ("Congress exempted the federal government and Indian tribes from Title I when it specified that "the term 'employer' does not include ... the United States, a corporation wholly owned by the government of the United States, or an Indian tribe[.]"); *see also Bay Mills Indian Cmty.,* 572 U.S. at 789 ("The baseline position, we have often held, is tribal immunity; and '[t]o abrogate [such] immunity, Congress must 'unequivocally' express that purpose."') (citation omitted). Accordingly, because Defendant is a federally recognized tribe[2], and in the absence of any unequivocal expression of contrary legislative intent, the court concludes that Plaintiff's ADA claim is barred by Defendant's sovereign immunity from suit.

The same reasoning applies to Plaintiff's Genetic Information Nondiscrimination Act ("GINA") claim. The GINA defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . but such term does not include [] the United States, a corporation wholly owned by the Government of the United States, an Indian tribe, or any department or agency of the District of Columbia[.]" 42 U.S.C. § 2000ff(2)(B)(i) (referencing 42 U.S.C. § 2000e(b)). Thus, because Defendant is a federally recognized tribe, and in the absence

---

[2] *Indian Entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs Notice*, 87 Fed. Reg. 4636, 4639 (January 28, 2022).

of any unequivocal expression of contrary legislative intent, the court concludes that Plaintiff's GINA claim is barred by Defendant's sovereign immunity from suit.

Likewise, Plaintiff's 42 U.S.C. § 1983 claim fails. In her Complaint, Plaintiff alleges that the HR representatives' purported conduct during Plaintiff's job training at a casino in the Choctaw Nation of Oklahoma entitled Plaintiff to relief under Section 1983 (Dkt. #17 at 5–8). Plaintiff also alleges that Plaintiff spoke to the "right hand of the Chief" (Dkt. #17 at 7). However, "no action under 42 U.S.C. § 1983 can be maintained in federal court for persons alleging deprivation of constitutional rights under color of tribal law." *R.J. Williams Co. v. Fort Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983); *Burrell v. Armijo*, 456 F.3d 1159, 1174 (10th Cir. 2006); *see Delebreau v. Danforth*, 743 Fed.Appx. 43, 45 (7th Cir. 2018) ("[B]ecause the purpose [of] section 1983 is to enforce the Fourteenth Amendment, and Indian tribes are 'distinct sovereignties' not addressed by that Amendment, they are beyond the statute's reach.") (citation omitted); *Holguin v. Ysleta Del Sur Pueblo*, EP-21-CV-67-DB, 2021 WL 4126908, at *9 (W.D. Tex. Sept. 9, 2021) (holding that "[b]ecause the Defendant officers acted at all times under color of tribal law, Mr. Holguin cannot state any claims against them under § 1983"). Accordingly, because Defendant's alleged conduct was purportedly done under color of tribal law, Plaintiff does not have a viable claim under Section 1983.

Plaintiff's Civil Cover Sheet also alleges the following: violation of an insurance contract, product liability, assault, libel, and slander, other personal injuries, labor/management relations, constitutionality of state statutes, and other statutory actions (Dkt. #17, Exhibit 2). However, outside of Plaintiff's alleged personal injuries, Plaintiff does not recite these causes of action or allege facts that support these causes of action in her Amended Complaint. *See* (Dkt. #17). Accordingly, Plaintiff's elections on the Civil Cover Sheet that purport to raise additional causes

of action are insufficient to create subject matter jurisdiction in federal court. *See Howard v. Office of the Special Deputy Receiver*, No. 3:21-CV-0921-K (BH), 2022 WL 617627, at *5 (N.D. Tex. Feb. 14, 2022) ("Simply checking boxes on that form to indicate the nature of suit and listing statutes, without supporting factual allegations, is insufficient to create a federal question for purposes of subject matter jurisdiction."); *Afzaal v. Upper Iowa Univ.*, No. 4:18-CV-00833-ALM-CAN, 2018 WL 7138388, at *3 (E.D. Tex. Dec. 21, 2018) ("Plaintiff's averment in the Civil Cover Sheet that the amount of damages involved in his case totals $80,000.00 is insufficient to establish the jurisdictional minimum amount in controversy."). Therefore, because Plaintiff does not allege a viable cause of action under federal law, the court lacks federal question subject matter jurisdiction.

***Because Defendant is a federally recognized tribe, the Parties are not diverse.***

Courts generally agree that Native American "tribes are not citizens of any state for the purpose of diversity jurisdiction." *Mitchell*, 982 F.3d at 942. Notably, "the presence of a 'stateless' party operates as a 'jurisdictional spoiler' that destroys complete diversity." *Id.* at 943 (citation omitted). Thus, because Defendant is a federally recognized tribe, the Parties are not diverse, and the court lacks subject matter jurisdiction in diversity.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends that Defendant Choctaw Casino's Limited Entry of Appearance and Motion to Dismiss and Brief in Support (Dkt. #23), be **GRANTED**, and Plaintiff Amanda Rae Manchin's claims be **DISMISSED WITHOUT PREJUDICE** as set forth herein.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate

judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 14th day of March, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE